[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: October 23, 1992 Date of Application: October 23, 1992 CT Page 6786 Date Application Filed: October 23, 1992 Date of Decision: April 24, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR 6-305571
Thomas Ullman, Defense Counsel, for Petitioner.
Robert O'Brien, Assistant State's Attorney, for the State.
 BY THE DIVISION
Following a jury trial the petitioner was convicted of murder and sentenced to a 55 year sentence.
The factual basis for the conviction is reported in State v. Jaynes,36 Conn. App. 417 (1995), as follows:
 Early in the morning of February 23, 1989, the victim, Eugene Deis, and Pamela Teague were seeking to purchase cocaine in New Haven. Deis was driving his car and Teague was in the front passenger seat. On Southwest Drive near its intersection with Dixwell Avenue, they were flagged down by two drug runners, Michael Little and Nessie Jacobs.
 Deis told the runners what he wanted, and they relayed the order to Reggie Cash. Cash was nearby with drugs that he had previously received from the defendant. Cash and Little approached Deis' car to complete the transaction. As Cash handed Deis the cocaine, Deis started the car, giving the impression that he intended to drive away without paying. Cash and Little reached into the car and grabbed the victim, preventing him from leaving.
 Teague got out of the car and went toward the intersection looking for a telephone or a police CT Page 6787 officer. Finding neither, she stood on the sidewalk and watched the struggle. She saw Jacobs and the defendant approach the car. The defendant pulled a handgun, fired into the car and hit Deis, who died within minutes. (Other witnesses corroborated Teague's testimony).
In arguing that the sentence was excessive, counsel alludes to petitioner's psychiatric history as mitigation and posits that the sentencing court, in commenting that Jaynes perjured himself on the witness stand, did not take into account that his perjury could be explained by his psychiatric background.
Jaynes unquestionably has some dysfunction, having been treated at Whiting Forensic Institute with diagnoses of paranoia and schizophrenia, but also diagnosed as anti-social.
In his remarks to this Division, Jaynes characterized the homicide as an accident, not murder.
The fact is, as the State's Attorney points out, this was a murder and Jaynes has to be held accountable. He was carrying a loaded gun and simply walked up to the car and coldly shot the victim, even though Reggie Cash had told him the incident was over.
The pre-sentence report recommended the maximum sentence be imposed and Jaynes had multiple prior convictions including burglary, possession of narcotics and carrying a dangerous weapon in a motor vehicle
When one can so easily kill, the community is entitled to protection for a substantial period of time. This sentence is not unreasonable or disproportionate under all the circumstances (See Practice Book §43-28), and it is affirmed.
Klaczak, Norko and Iannotti, J.s, participated in this decision.